IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 17–cv–00343–KMT

KENT LUTHER POWELL,

    Plaintiff,

v.

NANCY BERRYHILL, COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

---

# ORDER

---

This matter comes before the court on review of the Commissioner's denial of Plaintiff Kent Luther Powell's application for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. (*See generally* Doc. No. 11, Social Security Administrative Record ["AR"].)

Plaintiff filed his opening brief on May 22, 2017 (Doc. No. 15 ["Opening Br."]). Defendant filed his response on June 12, 2017 (Doc. No. 16 ["Resp."]), and a reply was filed on June 26, 2017. (Doc. No. 17 ["Reply"].) Jurisdiction is proper under 42 U.S.C. § 405(g).

## FACTUAL AND PROCEDURAL BACKGROUND

In determining disability, the ALJ used the five-step sequential evaluation process consistent with the Social Security Administration's ("SSA") regulations.[1] After reviewing the

---

[1] Step one determines work activity, step two determines severity of claimed impairments,

record, the ALJ found that Plaintiff was not disabled because he was capable of performing his past relevant work. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since September 9, 2014. R.24. At step two, he found that Plaintiff has the following severe impairments: chronic myofascial pain; obstructive sleep apnea; osteopenia; degenerative disc disease; cervical spondylosis; thoracic vertebral fracture; and obesity. (AR. 24.) Critically, however, the ALJ considered Plaintiff's mental impairments of anxiety and depression as not severe. (*Id.*) At step three, the ALJ found that Plaintiff does not meet or equal any listing. (AR 26.) In reaching step four, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform light work. (AR 27.) This finding of light work was consistent with Plaintiff's treating physician, Paul Mackell, M.D., whom the ALJ afforded "great weight." (AR 31.) The ALJ further found that Plaintiff can only occasionally climb ladders, ropes, or scaffolds; that he can only occasionally stoop or crawl; that he can only frequently climb stairs and ramps, kneel, and crouch; and that he can have no more than occasional exposure to extreme cold and hazards, such as unprotected heights, moving mechanical parts, and operating motor vehicles. (AR 27.)

At step four, the ALJ found that Plaintiff could perform his past relevant work. (AR 33.) At step five, the ALJ found that Plaintiff could also do work available in the U.S. economy, with small product clerk, cashier, and mailroom clerk as three examples. (AR 34.)

---

step three determines a presumptive disability, step four determines whether the claimant can still perform her "past relevant work," and step five determines if the claimant can do work other than her past relevant work. *See Williams v. Bowen*, 844 F.2d 748 (10th Cir. 1988) (detailing five steps). The claimant has the initial burden of establishing a disability in the first four steps of this analysis. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

## STANDARD OF REVIEW

To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months. *See Kelley v. Chater*, 62 F.3d 335, 338 (10th Cir. 1995). Review of the Commissioner's disability decision is limited to determining whether the ALJ (1) applied the correct legal standard, and (2) whether the decision is supported by substantial evidence. *Hamilton v. Sec'y of Health and Human Servs.*, 961 F.2d 1495, 1497-98 (10th Cir. 1992); *Brown v. Sullivan*, 912 F.2d 1194, 1196 (10th Cir. 1990). Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion. *Brown*, 912 F.2d at 1196.

Substantial evidence means "more than a mere scintilla," or such evidence as a "reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993). The court "meticulously examine[s] the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (citations omitted). And as the Tenth Circuit observed in *Baca v. Dep't of Health & Human Servs.*, 5 F.3d 476, 480 (10th Cir. 1993), the ALJ has a basic duty of inquiry to "fully and fairly develop the record as to material issues." *Id.* This duty exists even when the claimant is represented by counsel. *Id.* at 480.

**ANALYSIS**

Plaintiff raises several issues for consideration—including (1) the ALJ's analysis at step three as to whether Plaintiff's impairments (sleep apnea and obesity) met the required Listings; (2) the ALJ's RFC analysis at step four; and (3) the ALJ's analysis of evidence regarding depression. The court rejects each of these arguments.

To use a broad brush, Plaintiff's brief draws a long bow in criticizing the ALJ's decision. Many of his arguments are not pitched at the requisite level of specificity given the thoroughness of the ALJ's decision—a decision that not only cites to relevant Social Security Rulings ("SSRs"), but provides a level of reasoning that reinforces the ALJ's non-disability findings under the meaning of the statute.

**A. The ALJ Did Not Err in Analyzing the SSA's Listings as to Sleep Apnea and Obesity**

Plaintiff claims that the ALJ's discussion of the SSA's Listings were deficient with respect to (1) sleep apnea, and (2) obesity. (Opening Br. at 4.)

To be sure, and at step three of the sequential evaluation process, the ALJ must consider and explain whether the claimant's condition meets or equals any of the listed impairments deemed presumptively disabling. *See Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir.1996). "For a claimant to show that his impairment matches a listing, it must meet all of the specified medical criteria. An impairment that manifests only some of those criteria, *no matter how severe*, does not qualify." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990). (emphasis added.) When challenging an ALJ's finding that his impairments did not meet the requirements of a specific section of the Listings, a claimant must direct the court's attention to evidence showing he

4

satisfied the criteria of the Listing. *Aslan v. Colvin*, 637 F. App'x 509, 509 (10th Cir. 2016) (unpublished); *see also Wall v. Astrue*, 561 F.3d 1048, 1065 (10th Cir. 2009) (finding a claimant who generally claimed to have equaled the requirements of the Listings without referring to a specific section failed to develop her argument and it was waived).

Here, the ALJ considered whether Plaintiff's sleep apnea impairments met sections 3.10 and 12.02 of the Listings, finding that there was no evidence that his impairments met the requirements of either section. The ALJ also considered whether obesity exacerbated other impairments to the point where it met or equaled the Listings at step three of the sequential evaluation process, but found there was no evidence supporting such a finding. (AR 27.)

Plaintiff also questions whether the ALJ properly analyzed the Listings *vis-a-vis* his obesity. No error is found here. As explained in the Commissioner's policies, obesity cannot, on its own, meet the requirements of the Listings, but can, when considered with other impairments, equal the requirements of the Listings by substituting obesity for a required criteria, such the major dysfunction of a joint. SSR 02-1p, 2000 WL 628049, at *5. Despite this, Plaintiff's contentions addressing obesity are misdirected and misplaced. Arguing that obesity alone can meet the Listings—as Plaintiff does—is inconsistent with the SSA's own rulings. Further, arguing that the ALJ is required to seek out a medical expert opinion—to determine whether a listing is met—is equally inconsistent; ever more so when there is no ambiguity in the record. *See* SSR 96-6p, at *3-4.

In sum, the court finds that the ALJ reasonably found Plaintiff's impairments did not meet the requirements of the Listings—and that substantial evidence supports those conclusions. *See Richardson*, 402 U.S. at 401 (substantial evidence is "more than a mere scintilla").

## B. The ALJ Did Not Err in Analyzing Plaintiff's Sleep Apnea Symptoms

Plaintiff next contends that the ALJ failed to consider sleep apnea when she assessed the RFC at step four of the analysis.

The RFC is made by the ALJ "based on all the relevant evidence in [the claimant's] case record." 20 C.F.R. § 404.1545(a)(1). The RFC is an assessment of the most a claimant can do despite his limitations. *Id*. Examples of the types of evidence required to be considered in making an RFC assessment are the claimant's medical history, medical signs and laboratory findings, and medical source statements. SR 96–8p (July 2, 1996). An ALJ must make specific RFC findings based on all of the relevant evidence in the case record. *See Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996); SSR 96–8p, 1996 WL 374184, at *5 (July 2, 1996).

Specifically, Plaintiff challenges the ALJ's findings—stating that "ALJ's RFC determination included no limitations specifically related to sleep apnea." (Opening Br. at 5.) Not so. The ALJ expressly states that "claimaint's obstructive sleep apnea . . . limits him to *light work*, but the evidence does not support greater limitation." (AR 30.)  This limitation is then tracked into the RFC determination. (AR 27.) Compounding the position against Plaintiff is the fact that his own treating physician, Dr. Mackell, stated that "claimant could perform work at the light level of exertion"—an opinion that was afforded "great weight" by the ALJ. (*Id*.)

Contrary to Plaintiff's protestations, the ALJ did consider Plaintiff's sleep apnea impairments.  Those impairments were incorporated into the RFC determination.  The ALJ did not err in its analysis.

### C. The ALJ Properly Addressed Plaintiff's Obesity Impairments

Overlapping with the previous contentions, Plaintiff also attacks the ALJ's opinion for failing to adhere to SSR 02-1p—providing standards on obesity impairments. But just like the previous attack, this, too, lacks merit. *First*, the ALJ clearly cites to SSR 02-1p—noting that the purpose of the standards and their relevance to the Listings *and* the RFC determination. (AR 30.) *Second*, the ALJ applied SSR 02-1p(2) to the evidence in the record—noting that obesity can likely exacerbate physical impairments. This finding is then tracked into the RFC and reflected in Plaintiff's light work limitation. Having properly considered the law and then applied SSR 02-1p(2) to substantial evidence in the record, there is not much more the ALJ could have done in disposition of this issue. The analysis is thorough and articulate, reflecting no error in law or fact.

Thus, because Plaintiff's arguments seek to stretch the ALJ's analysis beyond reasonable limits—and because the briefing itself ignores much of what the ALJ analyzed—the court rejects those arguments predicated on SSR 02-1p as specious and without merit.

### D. The ALJ Properly Addressed Plaintiff's Anxiety and Depression

Plaintiff's final contention is leveled at the ALJ's purported failure to address Plaintiff's anxiety and depression. This contention, however, is a non-starter. Not only is the briefing on this issue cursory, but the Plaintiff fails to make any acknowledgement that the ALJ found Plaintiff's anxiety and depression as non-severe. (AR 24.) This non-severe finding was bolstered by state psychologists. (AR. 77.) These impairments were also considered at AR 25-28, where the ALJ considered the symptoms as situational rather than long term. (AR 25). This analysis is more than sufficient to parry Plaintiff's attack.

Further insulating the ALJ's decision from remand is the fact that Plaintiff does not take issue with the assessment of the limitations caused by his mental impairments, and has, therefore, waived his right to do so. *Keyes-Zachary*, 695 F.3d at 1161. This, coupled with Plaintiff's failure to address whether the depressive symptoms affected his ability to perform the mental requirements of work only reinforces the case against Plaintiff—particularly in circumstances where Plaintiff fails to point to evidence that the depression would have limited him in the jobs suggested by the vocational expert—*i.e.*, product clerk, cashier, and mailroom clerk as three examples. (AR 34.)

In sum, Plaintiff's argument addressing depression lacks a level of particularity that affords it any merit. Indeed, challenging the ALJ's decision on the depression analysis was always an uphill battle. It is detailed, analytical and thorough in evaluation of the evidence. It is affirmed, accordingly.

## CONCLUSION

For the reasons set forth above, the Commissioner's decision is **AFFIRMED.**

Dated this 27th day of March, 2018.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge